

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHAD MICHAEL LEHOFER,<br><br>*Defendant.* | No. 1:22-cr-82<br><br>The Honorable Michael S. Nachmanoff |

## STATEMENT OF FACTS

The United States and the defendant, CHAD MICHAEL LEHOFER, agree that at trial, the United States would have proven beyond a reasonable doubt with admissible and credible evidence that, between at least December 11, 2018, and on or about April 8, 2019, within the Eastern District of Virginia and elsewhere, the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

The United States and the defendant further agree that at trial, the United States would have proven beyond a reasonable doubt with admissible and credible evidence that, on or about July 24, 2020, within the Eastern District of Virginia and elsewhere, the defendant knowingly possessed one or more visual depictions depicting minors engaging in sexually explicit conduct within at least one matter that had been shipped or transported using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

In addition, the United States and the defendant, CHAD MICHAEL LEHOFER, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

A. **The Defendant's Prior Conviction for Unlawful Sexual Conduct with a Minor**

1. On May 31, 2006, the defendant pled guilty to multiple crimes, including a violation of Conn. Gen. Stat. Ann. § 53-21(a)(2), which prohibits "contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child." (Docket Nos. K10K-CR05-0283954-S and KNL-CR05-0283819-T). On July 12, 2006, the defendant was sentenced to 10 years' confinement, of which all but 18 months was suspended, and 10 years of probation.

2. On May 30, 2006, an Information was filed in the Superior Court of the State of Connecticut for the Judicial District of New London charging, in Count 1, that the defendant violated Conn. Gen. Stat. Ann. 53-21(a)(1) on or about August 5, 2005, and, in Count 2, that he violated Conn. Gen. Stat. Ann. 53-21(a)(2) on or about August 3, 2005. On May 31, 2006, the defendant pled guilty to both counts. The affidavit underlying the warrant to arrest the defendant that eventually led to these convictions alleged that, on August 5, 2005, the defendant touched the breasts and attempted to put his hands down the pants of a minor stating "If you would just fuck me now, then you wouldn't need to worry about me doing this to you again." The affidavit also alleged that, on August 3, a different minor performed oral sex on the defendant while in his car.

3. As a result of his conviction, the defendant was required to register as a sex offender pursuant to 34 U.S.C. §§ 20911 and 20915(a).

B. **Overview of the Defendant's Sexual Exploitation of Minor Victim 1**

4. In or around December 2018, the defendant began communicating with an individual

2

who was under the age of 18 years old (identified herein as "Minor Victim 1") using various internet-based messaging applications, including Snapchat, TextNow, and the internet- based video chat application FaceTime. During their communications, Minor Victim 1 informed the defendant that she was under the age of 18 years. Between on or about December 11, 2018 and on or about April 8, 2019, the defendant repeatedly instructed Minor Victim 1 to send him images and videos depicting her masturbating and displaying her genitals.

5. For several months, the defendant and Minor Victim 1 communicated frequently. The defendant told Minor Victim 1 that he lived in the Virginia or Washington, D.C. area. The defendant often engaged in sexually graphic conversations with Minor Victim 1. The defendant also offered to buy Minor Victim 1 items, including underwear, and the defendant told Minor Victim 1 that he loved her.

6. Initially, the defendant communicated with Minor Victim 1 using his real identity. However, in or around February 2019, after Minor Victim 1 attempted to break off contact with him, the defendant started pretending to be a different person and continued to communicate with Minor Victim 1 under the guise that he was someone else.

***The Defendant's Communications with Minor Victim 1 in February and April 2019***

7. On or about February 4, 2019, the defendant, still using his real identity, engaged in a FaceTime video chat with Minor Victim 1 and used his cellular phone to create a screen recording of the video chat. The defendant saved this video to his Apple iPhone. The recording depicted Minor Victim 1 masturbating and pulling her underwear aside to display her genitals. The recording also captured a screen-in-screen window depicting the defendant masturbating his erect penis and ejaculating. In addition, the end of the recording captured text messages the defendant had sent to Minor Victim 1, including the following:

    a. "Omg"

   b.  "Are you playing rn?"

   c.  "Oh baby I love it"

   d.  "Daddy is ready baby[.]"

  8. In late February 2019, the defendant began communicating with Minor Victim 1 using a different phone number and concealing his identity. Although the defendant resided in the Eastern District of Virginia, the defendant selected a phone number with an area code near Minor Victim 1's residence across the country, and he told her that he lived in a town near where she lived. The defendant created a Snapchat username that was based on Minor Victim 1's real name to send messages to Minor Victim 1 instructing her to create and send videos of her masturbating. The defendant threatened that if Minor Victim 1 did not comply, he would "expose" Minor Victim 1 to her mother and to her friends on Instagram.

  9. For example, the defendant sent Minor Victim 1 a screen shot of contact information for her mother's place of work and screen shots of Minor Victim 1's Instagram friends list. The defendant claimed to be watching Minor Victim 1's house and told her he could see her leaving her home and driving in her car. He also sent Minor Victim 1 images that suggested he was in the process of uploading various sexually explicit photos of Minor Victim 1 to a website, and he asked if she wanted him to send the images to Minor Victim 1's mother and Instagram followers. After Minor Victim 1 asked the defendant to stop and leave her alone, the defendant responded, "After you fuck me I said I would[.]"

  10. Between on or about between February 19, 2019 and on or about April 9, 2019, the defendant, communicating using a false identity, sent Minor Victim 1 messages using both Snapchat and TextNow, an anonymous, internet-based text messaging service. On some occasions, the defendant would send Minor Victim 1 messages indicating that he knew her current location. And, on some occasions, the defendant would send sexually graphic messages to Minor Victim 1.

For example, the defendant used Snapchat to send Minor Victim 1 the following messages:

    a. "Are you going to take care of my dick like the other guys? Are you a slut?"

    b. "Start the next one, do you like when guys choke you with their cock? Put two fingers in your throat then put them in your pussy."

11. Likewise, using TextNow, the defendant sent Minor Victim 1 the following messages:

    a. "Playtime dirty girl"

    b. "Last chance or I'm exposing you"

    c. "If you don't send me the proof pics I ask for I'm calling the hotel"

    d. "Im going to start sending your shit"

    e. "I'll be calling your mom later too."

12. On a nearly daily basis from late February 2019 to at least April 10, 2019, the defendant would demand multiple images of Minor Victim 1 engaged in sexually explicit conduct. If Minor Victim 1 tried to resist, the defendant would become threatening. For example, he told her, "I'll be waiting for you at your house then" and "If you scream it will just hurt more."

13. On or about April 5, 2019, defendant sent Minor Victim 1 messages instructing her to "Spread your legs on your knees and rub your pussy." In response to the defendant's instructions, Minor Victim 1 created and sent the defendant a video depicting Minor Victim 1 on her knees masturbating while naked in a shower. The defendant saved this video to his Apple iPhone.

14. From his residence in Fredericksburg, Virginia, which is within the Eastern District of Virginia, the defendant accessed the aforementioned Snapchat account and TextNow number on multiple occasions between February 2019 and April 2019, including on dates when Minor Victim 1 received messages from these accounts.

*The Defendant's Distribution of Images and Videos of Minor Victim 1*

15. The defendant knowingly distributed sexually explicit images and videos of Minor Victim 1 using Snapchat.

16. On or about March 8, 2019, the defendant sent 5 videos to another Snapchat user depicting Minor Victim 1 engaged in sexually explicit conduct.

**C. The Defendant's Possession of Child Pornography**

17. On or about July 24, 2020, law enforcement executed a federal search warrant at the defendant's residence in Fredericksburg, Virginia, which is within the Eastern District of Virginia. At the time, the defendant resided there and worked at a local golf club that was also located in Fredericksburg, Virginia.

18. As a result of this search, law enforcement seized the defendant's Apple iPhone and conducted a digital forensic examination.

19. Law enforcement's examination of the defendant's Apple iPhone revealed the defendant had used the device to communicate with Minor Victim 1 and saved images and videos depicting Minor Victim 1, and prepubescent minors engaged in sexually explicit conduct. The defendant saved these images and videos to an encrypted photo vault application called "Keepsafe Calculator." The defendant's phone contained over 100 videos and images of Minor Victim 1 displaying her genitals and masturbating, a screen shot of the contact information for the business where Minor Victim 1's mother worked, and screen shots of Minor Victim 1's social media friend lists. The defendant also maintained on his phone images and videos depicting prepubescent minors displaying their genitals and masturbating, as well as an image of at least one prepubescent minor penetrating her genitals

6

with a toothbrush.

20. The defendant's Apple iPhone was manufactured outside the Commonwealth of Virginia, and thus it had been shipped or transported in interstate or foreign commerce. Moreover, this device belonged to the defendant and defendant used this device in the course of his offense conduct.

21. The defendant paid for a "premium" Keepsafe account which allowed him to back up images and videos saved on his phone to an online cloud storage account. The defendant, moreover, purposefully enabled the cloud backup function on his Keepsafe application. As a result, between on or about February 20, 2020 and on or about June 17, 2020, the defendant knowingly transported images and videos depicting Minor Victim 1 and prepubescent minors engaged in sexually explicit conduct from his Apple iPhone to his Keepsafe cloud storage account.

22. Also found on the Apple iPhone were text messages between the defendant and at least one other minor female. These text messages include communications in which the defendant indicated his interest in buying the minor female items, such as makeup and food, and told her he loved her.

**D. Conclusion**

23. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

24. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 10/20/2022    By: _____
Zoe Bedell
Lauren Halper
Assistant United States Attorneys

Eduardo Palomo
Trial Attorney
Child Exploitation and Obscenity Section

8

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, CHAD MICHAEL LEHOFER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CHAD MICHAEL LEHOFER

I am Ann Mason Rigby, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Ann Mason Rigby
Attorney for CHAD MICHAEL LEHOFER